[No. 13217. Department Two. March 7, 1916.]

SCHWABACHER HARDWARE COMPANY, *Respondent*, v. MILLER SAWMILL COMPANY, *Appellant*, FOSS BROTHERS & COMPANY, *Defendant*.[1]

BILLS AND NOTES — ACCEPTANCE — CONDITIONS — CONSTRUCTION — "AVAILABLE." Upon an acceptance of a bill of exchange, "payable out of proceeds of N. W. Fisheries Co. contract when same becomes available," the acceptor cannot, to the prejudice of the holder, apply proceeds subsequently received to discharge indebtedness owing the acceptor before the acceptance; since "avilable" means "at one's disposal," and the use of general terms in an acceptance without expressing any condition will not exempt from liability through particular facts which have already happened.

Appeal from a judgment of the superior court for King county, Albertson, J., entered May 28, 1915, upon findings

[1]Reported in 155 Pac. 767.

in favor of the plaintiff, in an action on a bill of exchange. Affirmed.

*James Kiefer*, for appellant.

*Trefethen, Grinstead & Laube*, for respondent.

BAUSMAN, J.—Foss, indebted to the hardware company, drew it a bill of exchange on the sawmill company, which accepted thus:

"Accepted payable out of proceeds of Northwestern Fisheries Co. contract when same becomes available."

The fisheries contract was one in which, supplying Foss with material, the sawmill company had become his creditor in a large amount, whence it contends, notwithstanding this acceptance, it had a right to repay this previous debt first out of subsequent receipts. In a word, "proceeds" meant *net* proceeds, and "available" *available to drawer* upon a whole accounting.

Foss was so embarrassed that the sawmill company was obliged to take over, through a new company, his entire business and complete the contract itself, and after the acceptance, various sums being received from the fisheries company, considerable was used in manufacture to make performance. About this portion the hardware company makes little contention. What it particularly objects to is the mill company's applying a certain remittance to the amount due on the indebtedness to the mill company owing before the acceptance. The lower court finding no communications between the parties from which to determine what was actually intended, and that the hardware company was not apprised that prior indebtedness existed or would be first paid, held that this use of that remittance violated the acceptance. Judgment was accordingly rendered for plaintiff.

In this the lower court was right. As for "available," that we can take only in its ordinary signification of "at one's disposal," since no trade definition is proved. Nor can we

say that the holder of a conditional acceptance gets no more rights than the drawer, for he gets what the acceptance says he gets, even if more, and when the acceptance is ambiguous, he gets what the court decides that the acceptance says. As to proceeds, some authors go so far as to say that, when one uses a vague term like that in situations like these, he will be held to have meant gross receipts from which even production expenses cannot be deducted, others that the term means net proceeds above production cost or current advances on the undertaking. Whichever of these two lines of decision is correct, there is no authority in either of them sufficient to justify us in extending the term so as to give not only production expenses, but past indebtedness, a priority over the acceptance.

As to this last situation, the best authority is against the acceptor. In *United States v. Bank of Metropolis*, 15 Pet. 377, 395, the supreme court of the United States held exactly against the acceptor's contention when the words of acceptance were "accepted on condition that his contract be complied with." Part of subsequent receipts was applied to extinguishment of prior balances against the drawer upon the very contract referred to, and this the court found a violation of the acceptance, saying:

"If one purpose making a conditional acceptance only, and commit that acceptance to writing, he should be careful to express the condition therein. He cannot use general terms and then exempt himself from liability by relying upon particular facts which have already happened, though they are connected with the condition expressed."

The reasons for the rule there laid down are fully amplified in that decision, which has never been disapproved by that court and has been frequently followed by others. *Coffman v. Campbell*, 87 Ill. 98, 101; *Seymour v. Lumber Co.*, 58 Fed. 958; *Posey v. Denver Nat. Bank*, 7 Colo. App. 108, 42 Pac. 684; *Greene v. Duncan*, 37 S. C. 239, 15 S. E. 956.

We find nothing in *Taylor v. Parish*, 86 Wash. 141, 149 Pac. 635, inconsistent with these views, and the judgment of the lower court is affirmed.

Morris, C. J., Main, Holcomb, and Parker, JJ., concur.